**OTTAWA DEVELOPMENT CORPO-RATION, a New York corporation, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF HOUSING and Urban Development; Matrix Realty Group, Incorporated, Defendants–Appellees.**

No. 01–1460, 01–1823.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

The plaintiff, Ottawa Development Corp.(Ottawa), appeals district court orders denying its motion for a preliminary injunction (No. 01–1460) and dismissing its complaint with prejudice (No. 01–1823) in this case resulting from a dispute over Ottawa's right to bid on real estate auctioned by the defendant, the Secretary of Housing and Urban Development (HUD). Ottawa now moves to stay the district court's judgment and to reinstate its Notice of Lis Pendens recorded in the county where the real estate is located. The district court has denied a similar motion. The defendants, HUD and the successful bidder for the property, Matrix Realty Group (Matrix), have filed responses opposing the motion. Matrix moves to dismiss the plaintiff's appeal in Case No. 01–1460. Ottawa asks that Case Nos. 01–1460 and 01–1823 be consolidated.

"[P]reliminary injunctions, which are interlocutory in nature, cannot survive a final order of dismissal." *Chaparro–Febus v. International Longshoremen Ass'n, Local 1575*, 983 F.2d 325, 331 n. 5 (1st Cir.1992) (citing *Pacific Tel. & Tel. Co. v. Kuykendall*, 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975 (1924); *Shaffer v. Carter*, 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445 (1920)) (other citations omitted). The district court's March 9 order refusing to issue a preliminary injunction has merged in its final order of dismissal entered on June 13, 2001. Ottawa's appeal in Case No. 01–

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

1460 from the March 9 order denying a preliminary injunction is moot and will be dismissed.

The following factors are to be considered in determining whether Ottawa's motion for a stay should be granted: 1) whether Ottawa has demonstrated a likelihood of success on the merits; 2) whether Ottawa will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other interested parties; and 4) where the public interest lies. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991). Upon consideration of these factors, we conclude that a stay is not warranted. We note, in particular, that HUD has been advised by counsel for Matrix that its lender and title company "are unwilling to proceed to closing during the pendency of this appeal; therefore, there is no threat of imminent sale of the subject property." Neither are we persuaded that if the closing does occur, money damages will be inadequate to compensate Ottawa for its loss should it prevail on appeal. Lastly, the harm alleged must be considered in light of Ottawa's likelihood of success on the merits. See *Michigan Coalition*, 945 F.2d at 155. A movant for a stay is "required to show, at a minimum, serious questions going to the merits." *Id.* at 154 (internal quotations and citations omitted). At this stage of the proceedings, such a showing has not been made.

The motion to dismiss Case No. 01–1460 is GRANTED. The plaintiff's motion for a stay is DENIED. The clerk is directed to expedite submission of the plaintiff's appeal in Case No. 01–1823 to the panel that will be assigned to decide the merits of the appeal.